■ ANTONIA B. SHIFFMAN et al., Respondents, v PHILIP L. HARRIS, Appellant. [699 NYS2d 818] —Crew III, J. Appeal from an order of the Supreme Court (Rumsey, J.), entered October 13, 1998 in Tompkins County, which denied defendant's motion to dismiss the complaint for failure to comply with a case management order.

Plaintiff Antonia B. Shiffman (hereinafter Shiffman) and her spouse, derivatively, commenced this action against defendant seeking to recover for damages allegedly sustained due to defendant's failure to timely diagnose problems associated with Shiffman's breast implants. Specifically, the complaint alleges

that defendant failed to diagnose a rupture in Shiffman's left breast implant and a leak in her right breast implant, as a result of which Shiffman suffered great pain and incurred permanent injuries. Defendant answered and thereafter moved to dismiss the complaint, contending that plaintiffs had failed to comply with the case management order (hereinafter CMO) applicable to "all actions now pending or hereafter commenced in the Supreme Court of the State of New York, in any judicial district, involving claims for damages resulting from silicone gel breast implants." Pursuant to the terms of the CMO, such an action is commenced by the filing and serving of a summons and an "Adoption by Reference of the Master Complaint" (hereinafter ARMC). Defendant, noting that plaintiffs had not filed and served the required ARMC, contended that the instant action should be dismissed. Supreme Court denied defendant's motion, finding that the CMO did not apply where, as here, the allegations set forth in the complaint asserted only a failure to diagnose claim against a physician. This appeal by defendant ensued.

We agree that the motion to dismiss should have been denied, albeit for reasons other than those expressed by Supreme Court. Contrary to the finding made by Supreme Court, we are of the view that the CMO indeed applies to the facts of this case. As noted previously, the CMO broadly provides that it is applicable to "all actions now pending or hereafter commenced in the Supreme Court of the State of New York, in any judicial district, involving claims for damages resulting from silicone gel breast implants." While it may be, as counsel for plaintiff asserts, that the majority of such claims sound in products liability, fraud and/or misrepresentation, the fact remains that the ARMC contained in the record sets forth a medical malpractice cause of action. Additionally, although this may not be a "pure" breast implant case in the sense that plaintiffs' complaint does not allege a defect in the implants themselves, given that Shiffman ultimately was diagnosed with one ruptured and one leaking implant and inasmuch as she attributes the corresponding deterioration in her health to defendant's failure to timely diagnose such condition, we fail to see how plaintiffs' failure to diagnose claim may be said to constitute something other than a claim "for damages resulting from silicone gel breast implants."

Nonetheless, we are of the view that Supreme Court properly denied defendant's motion to dismiss. Although counsel for defendant indeed advised plaintiffs of the need to file and serve the ARMC, the correspondence contained in the record does

not indicate that counsel advised plaintiffs of the need to do so within the 30-day period contemplated by the CMO. Moreover, even accepting that the terms of the CMO itself were sufficient to put plaintiffs on notice of this requirement, inasmuch as plaintiffs were contesting the applicability of the CMO in the first instance, we do not believe that the failure to file and serve the ARMC prior to a judicial resolution of this issue mandates dismissal under the facts presented here.* Thus, although defendant's motion to dismiss the complaint was properly denied, this case indeed is governed by the CMO and plaintiffs are directed to file and serve the required ARMC within 30 days of entry of this Court's order.

Mikoll, J. P., Mercure, Yesawich Jr. and Mugglin, JJ., concur. Ordered that the order is modified, on the law, without costs, by directing that plaintiffs are required to file the required "Adoption by Reference of the Master Complaint" within 30 days of the date of this Court's memorandum and order.

---

* Notably, the CMO also provides that "the filing and serving of an individual complaint shall be sufficient to toll any statute of limitations and shall not be a jurisdictional defect."